Porter, J.
The petitioner in this case obtained a judgment against Wm. H. Crocker & Co., and having issued a fi. fa. siezed a certain vessel, called the Rebecca, in which William H. Crocker, one of the partners of the firm, had *586 an interest. On this seizure being made, the defendants entered into an agreement with the plaintiff, that if he would release the ship from execution, she should be sold within sixty days after her arrival in New-York; and that if the proceeds were not sufficient to satisfy the execution, they would make up the deficiency. The petition charges the defendants with having totally failed to perform the agreement, and prays judgment against them, for the sum of $1326, with interest, damages and costs.
East’n District.
April, 1821.
The answer admitted the agreement as alleged, but denied that it was entered into without consideration on their part, as the said Crocker & Co. had, in truth, no interest in the said vessel at the time the seizure was made by the sheriff.
To prove property in Crocker, the plaintiff introduced a register of the ship Rebecca, dated 12th of February, 1819, by which it appeared, that William H. Crocker, P. Kingston, and N. B. Guathnay, were the owners, and called J. H. Holland, deputy sheriff, to prove that he seized the said vessel, at the request of one of the defendants.
The defendants introduced in evidence, a *587 sale by Crocker, to Dumner, of his interest in the ship, dated 19th of April, 1819, and the register, dated one day after, by which Guathnay, Dumner, and Wooster, were shewn to be the owners.
It has been disputed between the parties whether the sale from Crocker to Dumner, was previous or subsequent to the seizure by the sheriff, and the evidence on this point is not very satisfactory. But it is unnecessary, in my opinion, to examine it; for as it has been admitted that the execution was in the sheriff’s possession several days before the transfer, there is no doubt, that from the moment it came into his hands, it operated as a lien on the ship, and other moveable property of the defendants in that suit. 2 Martin’s Digest, 168. There was therefore a good consideration for the agreement, as but for it the plaintiff could have proceeded to sell Crocker’s interest in the vessel. This opinion renders it unnecessary to examine the other questions raised in the cause.
I think that the judgment of the district court should be affirmed with costs.